UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BARBARA BOWEN, as President of the
PROFESSIONAL STAFF CONGRESS/CUNY,
FRANK KIRKLAND; ROBERT J. CERMELE;
and ROBERT S. NELSON,

                   Plaintiffs,

     -against -

THE STATE OF NEW YORK; DAVID A.
PATERSON, as Governor of the State of New York;
NEW YORK STATE DEPARTMENT OF AUDIT
AND CONTROL; THOMAS P. DiNAPOLI, as
Comptroller of the State of New York; CITY
UNIVERSITY OF NEW YORK; and
MATTHEW GOLDSTEIN, as Chancellor of the
City University of New York,

                   Defendants.

VERIFIED COMPLAINT

Civil Action No.:

Plaintiffs, Professional Staff Congress/CUNY, Barbara Bowen, Frank Kirkland, Robert J. Cermele and Robert S. Nelson (hereinafter collectively referred to as "PSC"), by their attorneys, James R. Sandner, Esq., (Harold Eisenstein, Esq. and Richard E. Casagrande, Esq., of Counsel), for their complaint, respectfully allege as follows:

PRELIMINARY STATEMENT

1.    This is a declaratory judgment action brought pursuant to Title 28 U.S.C. §2201, *et seq.*, to redress the defendants' violation of plaintiffs' rights guaranteed by Article 1, §10 of the United States Constitution, the Fourteenth Amendment of the United States Constitution, and Article I, §§ 6, 11 and 17 of the New York State Constitution. Plaintiffs seek a declaration that the

1

involuntary "furlough" program enacted and signed into law on May 10, 2010 is unconstitutional, and seek a preliminary and permanent injunction against the implementation of the law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction by virtue of Title 28 U.S.C. §1331, as well as by this court's pendent jurisdiction.

3. Venue is proper in the Northern District of New York by virtue of Title 28 U.S.C. §1391(b).

4. No prior application for the relief requested in this complaint has been made in any forum.

## PLAINTIFFS

5. Plaintiff Bowen, at all times pertinent to this action was and is the duly elected president of the PSC, an employee organization authorized and existing under the laws of the State of New York, having its principal place of business at 61 Broadway, New York, New York 10006. Plaintiff Bowen, as president of PSC, brings this action on behalf of the employees of defendant City University of New York (hereinafter "CUNY'), who are within the bargaining unit represented by PSC.

6. Plaintiff Kirkland is employed by CUNY at Hunter College as a full-time associate professor of philosophy and is a member of PSC.

7. Plaintiff Cermele is employed by CUNY at the New York City College of Technology as a full-time associate professor in the mathematics department and is a member of PSC.

2

8. Plaintiff Nelson is employed by CUNY as the deputy director of student services/information systems at the graduate center university and is a member of PSC.

9. PSC is recognized by defendant CUNY as the certified, exclusive bargaining representative for collective negotiations under Article 14 of the *Civil Service Law* (*Civil Service Law* §§ 200-214), for the collective bargaining unit consisting of the members of the PSC who are employed by CUNY.

10. PSC represents over 22,000 instructional and professional staff of CUNY at its various college campuses throughout New York City.

## DEFENDANTS

11. Defendant State of New York is maintained pursuant to the state Constitution. Its principal office is located at the State Capitol, Albany, New York 12224.

12. Defendant Paterson is the Governor of the State of New York and head of the Executive Branch of New York state government, with all the powers and duties set forth in relevant statutes and regulations.

13. Defendant Department of Audit and Control of the State of New York is established pursuant to state *Executive Law* §40, with all the powers and duties set forth in relevant statutes and regulations.

14. Defendant Thomas P. DiNapoli is the Comptroller of the State of New York and also the head of defendant Department of Audit and Control. He was appointed and acts pursuant to Executive Law §40 and other relevant statutes and regulations.

15. Defendant CUNY is a university with campuses throughout New York City, and was created pursuant to the provisions of the New York *Education Law*.

16. Defendant Goldstein is the Chancellor of CUNY, with all the powers and duties set forth in relevant statutes, rules and regulations.

## FACTS

17. PSC is recognized by CUNY as the duly certified exclusive bargaining representative under Article 14 of the New York *Civil Service Law* for over 22,000 faculty and professional staff employed by CUNY.

18. As a result, PSC is authorized under state law to negotiate with defendant CUNY over terms and conditions of employment for its members. Defendants State of New York and Paterson, or their representatives, do not participate in contract negotiations between PSC and CUNY.

19. As a result of such negotiations, PSC and defendant CUNY agreed upon and executed a collective bargaining agreement ("CBA") for the PSC bargaining unit at CUNY for the period from November 1, 2002 through September 19, 2007. (A copy of the CBA is annexed to plaintiff Bowen's affidavit as Exhibit A.)

20. Upon the expiration of the CBA, the parties agreed to a Memorandum of Agreement for a successor collective bargaining agreement ("Memorandum") for the period from September 20, 2007 through October 19, 2010. (A copy of the Memorandum is annexed to plaintiff Bowen's affidavit as Exhibit B.)

21. Under the terms of the Memorandum, the terms of the 2002-2007 CBA (Exhibit A) were to be continued, except where modified by the Memorandum. (Exhibit B)

22. Paragraph 3 of the Memorandum provides for across-the-board salary increases for members of the PSC (Exhibit B). These increases included retroactive salary increases for

employees when certain conditions were met. (*Id.*)

23. Neither the CBA nor the Memorandum allows for furloughs of employees in the bargaining unit or for a reduction of their salaries. In addition, the CBA and the Memorandum do not prevent PSC represented employees from using their accrued leave credits to offset absences from work.

24. On or about May 10, 2010, defendant Paterson promulgated and caused to be delivered to the Legislature an emergency appropriations bill to impose a "work week reduction" on employees of defendant CUNY. This work week reduction (furlough) would result in a reduction of their work week and salary by one-fifth (twenty percent) during the work week from May 17, 2010 to May 23, 2010. (A copy of the legislation is annexed to plaintiff Bowen's affidavit as Exhibit C.)

25. On May 10, 2010, the Legislature voted to adopt such proposal, and the governor signed it into law.

26. Pursuant to the furlough law, employees of the Executive Branch of the State of New York, other than management confidential employees (non-unionized), employees in 100% federally funded positions and employees designated by their appointment authority as responsible for direct care or engaged in functions necessary for the preservation of health or safety, shall be subject to a "work week reduction" of one day during the week commencing May 17, 2010 and ending on May 23, 2010.

27. The furlough law also applied only to unionized workers employed by CUNY, which is not part of the Executive Branch of the State of New York.

28. Further, employees who are subject to the work week reduction will not be permitted to offset the reduction in wages or salary by the use of any of their accrued leave credits. (Exhibit C).

29. As a result of this legislation, CUNY employees will be paid for only four instead of five work days during the week of May 17, 2010 through May 23, 2010, a reduction of twenty (20) percent of their salary. This is so even though CUNY is not part of the state's Executive Branch.

30. The Legislature did not make a finding in conjunction with the passage of the legislation that the State of New York was in a fiscal emergency or a crisis, or that the work week reduction imposed by the legislation was necessary to remedy a fiscal emergency or crisis.

31. Defendant CUNY also did not make a finding that it was in a fiscal emergency or crisis, or that a work week reduction was necessary to remedy a fiscal emergency or crisis.

32. Defendants' legislation substantially impairs the following provisions of the CBA and the Memorandum:

    a.) Articles 2.4, 2.5 and 2.7 of the CBA require the Chancellor of CUNY and the president of PSC to meet and consult regarding any proposed changes in the terms and conditions of employment, even during an emergency. Prior to the enactment of the furlough legislation, defendant CUNY never approached plaintiff PSC to discuss any changes to the CBA in response to the current state budget deficit.

    b) Article 24 of the CBA and paragraph 3 of the Memorandum contain the minimum salaries of all job titles in the PSC unit and the raises employees

will receive. The Memorandum does not provide for any reduction in members' salary as a result of any furloughs;

c) Article 26.6 of the CBA requires certain adjuncts to work a specified number of hours per week to be eligible to receive health insurance. The unilateral reduction in the work week by twenty percent will make it harder, or impossible, for such adjuncts to obtain health insurance;

d) Article 27 of the CBA is concerned with employees' retirement benefits. The unilateral reduction in the work week will result in reduced contributions by employees and the employer and retirement benefits could be reduced;

e) Article 14 of the CBA provides leave accruals to employees for absences from work. The legislation prohibits the use of these accruals to offset the reduction in wages or salary through the use of any accrued leave credits; and

f) Articles 9, 10, 13 and 32 of the CBA are concerned with retrenchment procedures. Retrenchment is the specific method of achieving a reduction in force at CUNY. The furlough law violates the procedures for the discontinuance of employees in the bargaining unit. (Bowen Affidavit, Exhibit A)

33. The furlough will also severely disrupt the final examination period for CUNY students. It would make it virtually impossible for faculty and staff to complete the examination and grading process on time.

34. The failure to submit timely grades could negatively impact a student's ability to graduate and disrupt students' financial aid.

35.     All of the actions of the defendants described in this complaint were taken under color of state law.

### AS AND FOR A FIRST CAUSE OF ACTION, PLAINTIFFS RESPECTFULLY ALLEGE:

36.     Article I, §10 of the U.S. Constitution states that no state shall pass any law impairing the obligations of contracts.

37.     The PSC/CUNY CBA comprehensively establishes terms and conditions of employment, including salary and wages, leave entitlement, retrenchment or layoff procedures and provides that neither party may seek to change its terms by legislative means.

38.     The furlough law substantially impairs these obligations through a legislatively mandated 20% reduction in weekly salary, without recourse to leave credits and without regard to the layoff and retrenchment provisions of the collective bargaining agreement.

39.     This substantial impairment does not effect a legitimate public purpose, and is not a reasonable and necessary means of achieving such a purpose.

40.     As such, the furlough law is unconstitutional, in that it violates the constitutional prohibition against impairment of the obligation of contracts.

### AS AND FOR A SECOND CAUSE OF ACTION, PLAINTIFFS RESPECTFULLY ALLEGE:

41.     The salary, wages and other contractual rights impaired by the furlough law are "property" within the meaning of the Due Process Clauses of the State and Federal Constitutions.

42.     The right to collectively bargain is a fundamental right under Article 1, §17 of the New York Constitution and Article 14 of the New York Civil Service Law, and is a liberty or property interest within the meaning of the Due Process Clauses of the State and Federal

Constitutions.

43. Defendants, by implementing the furlough law, will deprive plaintiffs, under color of state law, of liberty or property without due process of law in violation of the Due Process Clauses of the State and Federal Constitutions.

44. The furlough law is, therefore, on its face and as applied, unconstitutional and in violation of the Due Process Clauses of the State and Federal Constitutions.

AS AND FOR A THIRD CAUSE OF ACTION
PLAINTIFFS RESPECTFULLY ALLEGE:

45. The United States Constitution, in the fourteenth amendment, § 1, provides in pertinent part: "... No state shall make or enforce any law which shall abridge the privileges ...; nor shall any state ... deny to any persons within its jurisdiction the equal protection of the laws."

46. Similar protection is provided by Article 1, § 11 of the State Constitution.

47. The furlough law imposes a permanent loss of twenty percent of salary/wages on only PSC members and other state employees in collective bargaining units, who do not agree to bargaining concessions demanded by the Governor. In respect to PSC unit members, neither defendant Governor nor defendant CUNY have demanded bargaining consessions.

48. The furlough law imposes no work week reduction and commensurate loss in pay on non-unionized employees, who have no collective bargaining agreement, or on other described classes of employees. The furlough arbitrarily and irrationally applies to CUNY employees, even though CUNY is not part of the state's Executive Branch.

49. The furlough law does not apply to and will not affect or impair the contract of any other entities or individuals who hold contracts with New York state for goods or services.

50. The furlough law thus intentionally and invidiously discriminates against plaintiffs and all PSC/CUNY represented employees with respect to salary/wages and other protected rights, based on a wholly irrational classification.

51. As such, the furlough law is unconstitutional in that it violates the constitutional mandate of equal protection.

WHEREFORE, plaintiffs requests that an Order be made as follows:

1. declaring the furlough law to be in violation of Article I, §10 of the Constitution of the United States; the due process and equal protection clauses of the state and federal Constitution; and Article 1 §17 of the New York State Constitution;

2. permanently enjoining the implementation of the furlough law;

3. awarding plaintiffs' costs, disbursements and attorneys' fees; and

4. providing plaintiffs such other and further relief as this Court may deem just and proper.

DATED: May 11, 2010
Latham, New York

RICHARD E. CASAGRANDE
Bar Roll No.: 101311
Attorney for Plaintiffs
JAMES R. SANDNER, ESQ.
800 Troy-Schenectady Road
Latham, New York 12110-2455
Telephone: (518) 213-6000
Fax: (518) 213-6488
E-mail address: rcasagra@nysutmail.org

TO: STATE OF NEW YORK
The Capitol
Albany, New York 12224

GOVERNOR DAVID A. PATERSON
The Capitol
Albany, New York 12224

NEW YORK STATE DEPARTMENT OF
AUDIT AND CONTROL
Alfred E. Smith Office Building
Albany, New York 12236

NEW YORK STATE COMPTROLLER
HONORABLE THOMAS P. DiNAPOLI
Office of State Comptroller
110 State Street
Albany, New York 12236

CITY UNIVERSITY OF NEW YORK
535 East 80th Street
New York, NY 10075

MATTHEW GOLDSTEIN
Chancellor of the City University of New York
535 East 80th Street
New York, NY 10075

HONORABLE ANDREW M. CUOMO
Attorney General
New York State Department of Law
The Capitol
Albany, NY 12224

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BARBARA BOWEN, as President of the
PROFESSIONAL STAFF CONGRESS/CUNY,
FRANK KIRKLAND; ROBERT J. CERMELE;
and ROBERT S. NELSON,

                Plaintiffs,

-against-

THE STATE OF NEW YORK; DAVID A.
PATERSON, as Governor of the State of New York;
NEW YORK STATE DEPARTMENT OF AUDIT
AND CONTROL; THOMAS P. DiNAPOLI, as
Comptroller of the State of New York; CITY
UNIVERSITY OF NEW YORK; and
MATTHEW GOLDSTEIN, as Chancellor of the
City University of New York,

                Defendants.

VERIFICATION

Civil Action No.:

---

STATE OF NEW YORK   )
COUNTY OF NEW YORK )SS.:

BARBARA BOWEN, being duly sworn, deposes and says that she is the President of the Plaintiff, Professional Staff Congress/CUNY; that she has read the annexed Complaint and knows the contents thereof; that the same is true to the knowledge of deponent except as to the matters herein stated to be alleged upon information and belief, and as to those matters she believes them to be true.

                                                  BARBARA BOWEN

Sworn to before me this
11th day of May, 2010

_____
Notary Public - State of New York
87429/CWA4141

PETER ZWIEBACH
NOTARY PUBLIC-STATE OF NEW YORK
No. 02ZW6158695
Qualified in Queens County
My Commission Expires January 08, 2011